UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PEARL L. JOHNSON                                    PLAINTIFF

VS.                        CIVIL ACTION NO. 3:14CV803TSL-RHW

DWIGHT LUCKETT, IN HIS                             DEFENDANTS
CAPACITY AS SUPERINTENDENT
OF CANTON PUBLIC SCHOOL DISTRICT, ET AL.


MEMORANDUM OPINION AND ORDER

This cause is before the court on the various dispositive motions of pro se plaintiff Pearl Johnson, including motions by which she seeks a ruling that the statute of limitations should be tolled (Docket Nos. 26 and 27)[1]; for summary judgment (Docket Nos. 35 and 37); and for contempt, a protective order and summary judgment (Docket Nos. 36).[2] Defendants Dwight Luckett, Cassandra Williams, Kescher Rankin, Bentley Conner, John Christopher, Walter Jones, Johnny Brown, Ronald Middleton and Lee Partee, all of whom are sued in their official capacities as either employees or board members of or attorneys for the Canton Public School District

---

[1] Docket nos. 26 and 27, which are identical, save a request for ex parte consideration of Docket No. 27, request that the court "stop the tolling in this employment case."

[2] Also pending are several nondispositive motions, including motion for recusal (Docket No. 38), for leave to amend plaintiff's defective pleadings (Docket No. 39) and to restrict public access to minor's identity (Docket No. 40).

(CPSD)[3] as well as in their individual capacities, have responded in opposition to plaintiff's motions for summary judgment and filed their own motion for summary judgment as to her putative federal employment claims (Docket No. 51), to which plaintiff has responded in opposition. Having considered the motions, the court concludes that plaintiff's motions should be denied and defendants' motion should be granted. The court further concludes that defendants should be granted leave to file a second motion for summary judgment if they so choose.

In April 2013, CPSD notified Johnson of its decision to not renew her teaching contract for the 2013-14 school year. The non-renewal decision was ultimately upheld by the Board of Trustees. Thereafter, plaintiff filed charges of discrimination with the Equal Opportunity Employment Commission (EEOC), asserting that CPSD nonrenewed her contract because of her age, gender and/or disability and/or in retaliation for her opposition to discriminatory employment practices. Following receipt of notices of right to sue, plaintiff filed the present lawsuit. By her

---

[3]   The lawsuit against the named defendants in their official capacities constitutes a suit against CPSD. See Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) (official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent" and "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

2

dispositive motions, plaintiff appears to seek summary judgment as to all of her claims.  For their part, defendants oppose the relief sought by plaintiff and by their motion, seek dismissal of plaintiff's various claims of employment discrimination.

Facts and Procedural Background:

In April 2013, CPSD notified Johnson of its decision to not renew her teaching contract for the 2013-14 school year.  The non-renewal decision was ultimately upheld by the Board of Trustees. Thereafter, plaintiff filed charges of discrimination with the Equal Opportunity Employment Commission (EEOC), asserting that CPSD nonrenewed her contract because of her age, gender and/or disability and/or in retaliation for her opposition to discriminatory employment practices.  Following receipt of notices of right to sue, plaintiff filed the present lawsuit.

"[U]nder the Mississippi Education Employment Procedures Law, Miss. Code Ann. § 37-9-101-113, a public school teacher employed by a local school district for a continuous period of two years is entitled to certain procedural protections" where the district decides to non-renew the teacher's contract.  Campbell v. Bd of Trustees of the Quitman School Dist., Civil Action No. 4:05CV115LN, 2006 WL 2376200, at *1 (S.D. Miss. Aug. 15, 2006). Particularly, under the Act, a teacher is entitled to written notice of nonrenewal; specific reasons for the decision, if requested; and a hearing, if requested, at which plaintiff may

present evidence of matters relevant to the nonrenewal decision
and at which the superintendent must present evidence in support
of nonrenewal.  Id. (citing Miss. Code Ann. §§ 37-9-105 and 109).
If the hearing is held before a hearing officer appointed by the
Board, the Board must review the hearing record and determine
"'whether the proposed nonreemployment is a proper employment
decision, is based upon a valid educational reason or
noncompliance with school district personnel policies ... and
shall notify the employee in writing of its final decision and
reasons therefor.'"  Id. (quoting Miss. Code Ann. § 37-9-111(5)).
The teacher has a right to appeal an unfavorable decision to the
chancery court, and then to the state supreme court.  Id. at *2.

Johnson was employed by CPSD as an elementary school teacher
at Canton Elementary School (CES) for the 2012-13 school year.
Defendant Rankin served as the principal of CES and on April 8,
2013, recommended to defendant Luckett, then superintendent, that
plaintiff's contract not be renewed for the 2013-14 school year.
Rankin's recommendation was apparently based on numerous deficits
in plaintiff's teaching performance and her failure to comply with
documentation requirements.  The next day, Luckett provided
plaintiff, who was then 57 years old, with written notice of
CPSD's decision to not renew her contract.  Plaintiff timely
requested a hearing.

4

Plaintiff's nonrenewal hearing was held on June 4, 2013 with defendant Bentley E. Conner serving the Board of Trustees as hearing officer.  At the hearing, the superintendent, represented by defendant John Christopher, presented evidence in support of the decision to non-renew plaintiff and plaintiff presented evidence on her own behalf.  By a June 11, 2013 letter to the Board, Conner opined that the nonreemployment recommendation should be affirmed based on his finding that the superintendent had adequately supported many of the reasons for termination and that plaintiff "did not effectively refute any of the reasons for nonreemployment alleged in the notice to her.  Instead, she offered her own method of running her classroom which is not consistent with the instructions given to her."  Thereafter, apparently, on June 27, 2013, the Board of Trustees voted to uphold the superintendent's nonrenewal recommendation.

According to the amended complaint and her response in opposition to defendants' motion, on July 16, 2014, the Board gave plaintiff an opportunity to appear and speak before it because it had made the June 27th nonrenewal decision under the mistaken belief that she had forgone her statutory right to appear before the Board.  Plaintiff alleges that at this time, defendant Partee, in an effort to prevent her from testifying before the Board, not only verbally assaulted her outside of the Board meeting, but also spit in her face and "threatened [her] as he continued to place

5

his hand on his revolver." Plaintiff alleges that although she was upset by Partee's tactics, she was nonetheless able to address the Board for three minutes, albeit to no avail. She also alleges that, at this meeting, although defendant Jones advised her that he would provide her with a copy of the Board's final decision, "the CPSD's Board refused to provide a final decision, as mandated by Mississippi Codes, 37-9-113," and "thus, capriciously and arbitrarily denied" her the right to appeal its decision to chancery court.

On September 26, 2013, Johnson filed a charge of discrimination with the EEOC asserting discrimination based on sex, age, disability and retaliation. According to her charge, "[o]n June 27, I was discharged from my position after being informed that my teacher's contract for the 2013-2014 school year would not be renewed." On May 29, 2014, after 180 days and upon plaintiff's request, the EEOC issued a notice of right to sue, which provided that the EEOC was closing her case and advised her that any lawsuit under the Age Discrimination in Employment Act (ADEA) had to be filed within 90 days of receipt of the notice of right to sue. The cover letter to the notice of right to sue further stated that Johnson had a "right to institute a civil action against [CPSD] under Title I of the American with Disabilities Act . . . and Title V, Section 503 of the Act, [prohibiting retaliation]." Thereafter, on July 16, 2014, the

EEOC issued a second notice of right to sue, which again provided that the EEOC was closing plaintiff's case and again advised that a lawsuit under the ADEA must be filed within 90 days of receipt of the notice of right to sue.  The cover letter to this notice of right to sue also recited that Johnson had the right to institute a civil action against CPSD under Title VII.

Plaintiff originally filed suit on October 15, 2014 and was granted leave to file an amended complaint on March 4, 2015.  Plaintiff's amended complaint is poorly organized and difficult to follow.  However, after a painstaking review and affording the complaint liberal construction, it appears that plaintiff has set forth the following putative claims which, at least in plaintiff's thinking, are based upon federal law:  (1) unlawful discharge under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.,* and Rehabilitation Act; (2) age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623; (3) gender discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.; (4) retaliation under Title VII; (5) failure to maintain a safe work environment as required by the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 651 et. seq.; (6) violation of her Fourteenth Amendment due process rights prior to and during her nonrenewal hearing; (7) violation of her due process rights by failure to provide a copy of the Board's final decision; and (8) witness intimidation by defendant Partee.

7

The complaint also sets forth the following claims which appear to arise, if at all, from state law:  (1) refusal to sign workers' compensation claim; (2) assignment of children to classroom in violation of state law; (3) creation of a hostile work environment by interfering with students' education performance opportunities/ benefits; (4) refusal to address disruptive students to detriment and safety of other students; (5) wrongful termination; (6) defamation; (7) assault; and (8) breach of contract.

Summary Judgment Standard:

The court shall grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party seeking summary judgment is required to inform the court as to the basis for the motion and to identify particular parts of the record which she believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).[4]  "Once a summary judgment motion is made and properly

---

[4]     Rule 56(c)(1), as amended in 2010, makes clear that [a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

8

supported, the nonmovant must go beyond the pleadings and
designate specific facts in the record showing that there is a
genuine issue for trial.  Neither 'conclusory allegations' nor
'unsubstantiated assertions' will satisfy the nonmovant's burden."
Wallace v. Texas Tech Univ., 80 F.3d 1042, 1047 (5th Cir. 1996)
(citations and quotation marks omitted).  See also Forsyth v.
Barr, 19 F.3d 1527, 1533 (5th Cir.), cert. denied, 513 U.S. 871,
115 S. Ct. 195, 130 L. Ed. 2d 127 (1994) (observing that
unsubstantiated assertions are not competent summary judgment
evidence); Douglass v. United Services Automobile Ass'n, 79 F.3d
1415, 1429 (5th Cir. 1996) (en banc) ("[C]onclusory allegations,
speculation, and unsubstantiated assertions are inadequate to
satisfy the nonmovant's burden."); Krim v. BancTexas Group, Inc.,
989 F.2d 1435, 1449 (5th Cir. 1993) ("Summary judgment, to be
sure, may be appropriate, even in cases where elusive concepts
such as motive or intent are at issue, ... if the nonmoving party
rests merely upon conclusory allegations, improbable inferences,
and unsupported speculation.") (citations omitted).  Notably, in
considering a summary judgment motion, "[t]he court has no duty to
search the record for material fact issues.  Rather, the party
opposing the summary judgment is required to identify specific
evidence in the record and to articulate precisely how this
evidence supports his claim." RSR Corp. v. Int'l Ins. Co., 612
F.3d 851, 857 (5th Cir. 2010) (citations omitted).  It bears
stating in the instant case that these rules apply equally to pro

se litigants.  Although the court must liberally construe pro se
pleadings, pro se plaintiffs are still required to follow Rule 56
of the Federal Rules of Civil Procedure.  See Spencer v. Cain, 480
F. App'x 259, 261 (5th Cir. Aug. 6, 2010) (observing that court
has no discretion to consider unsupported assertions and
evidentiary materials that fall short of Rule 56's requirements
and stating "'[a]lthough pro se litigants are not held to the same
standards of compliance with formal or technical pleading rules
applied to attorneys, we have never allowed such litigants to
oppose summary judgments by the use of unsworn materials.'")
(quoting Gordon v. Watson, 622 F.2d 120, 123 (5th Cir. 1980)).

Plaintiff's Motions:

By her dispositive motions, plaintiff appears to seek summary
judgment as to all of her claims, to include, apparently, findings
that CPSD should have renewed her contract for the 2013-14 school
year and that the statute of limitations period for some yet
unidentified claim(s) should be tolled.  The motions are not well-
supported by admissible proof and utterly fail to demonstrate that
there is no genuine dispute as to any material fact.  See Rule
56(a).  Accordingly, they will be denied.

Defendants' Motion:

For their part, defendants urge that summary judgment is
appropriate as to plaintiff's federal employment claims because:
(1) she failed to file her complaint in this court within 90 days
of receipt of her right to sue letter; (2) she failed to

administratively exhaust as to any of the individual defendants; and (3) she has failed to establish a prima facie case of gender, age, race discrimination or retaliation.  Defendants have not purported to seek dismissal of any of plaintiff's other putative federal or state claims.  In response to defendants' motion, plaintiff maintains her complaint was timely filed; she seems to assert that she has administratively exhausted against defendants in their individual capacities because her EEOC charge should have put them on notice of her accusations against each of them; and she contends she has adequately set forth and supported her federal employment discrimination claims.  Laying aside defendants' arguments regarding the timeliness of the complaint and administrative exhaustion, it is clear that defendants are entitled to summary judgment as to plaintiff's federal employment discrimination claims as there is a complete absence of proof to support any of plaintiff's claims.

Federal Employment Discrimination Claims:

As set forth above, the complaint purports to set forth claims for disability discrimination under the ADA and Rehabilitation Act; age discrimination under the ADA; and gender discrimination and retaliation under Title VII.  Because plaintiff has not presented any direct evidence of discrimination, each of her claims will be analyzed under the burden shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).  See EEOC v. LHC Group,

<u>Inc.</u>, 773 F.3d 688, 694 (5th Cir. 2014) ("[I]n a discriminatory-termination action under the ADA, the employee may either present direct evidence that she was discriminated against because of her disability or alternatively proceed under the burden-shifting analysis first articulated in <u>McDonnell Douglas</u>."); <u>Squyres v. Heico Cos., L.L.C.</u>, 782 F.3d 224, 231 (5th Cir. 2015) ("Because [plaintiff] relies solely on circumstantial evidence, this court evaluates [ADEA] claim[] under the three-step, burden-shifting framework announced in <u>McDonnell Douglas</u>...."); <u>Haire v. Bd. of Sup'rs of Louisiana State Univ. Agric. & Mech. Coll.</u>, 719 F.3d 356 (5th Cir. 2013) (gender discrimination case employing <u>McDonald Douglas</u> burden-shifting framework); <u>Royal v. CCC & R Tres Arboles, L.L.C.</u>, 736 F.3d 396, 400 (5th Cir. 2013) ("A retaliation claim that is premised on a pretextual rationale for dismissal is analyzed under the <u>McDonnell Douglas</u> framework."). Under the <u>McDonnell Douglas</u> framework, a plaintiff must first establish a <u>prima facie</u> case of discrimination under the pertinent statute. <u>Haire</u>, 719 F.3d at 362-63. If she does this, the burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for the adverse employment decision. <u>Id.</u>

> If the defendant offers such a justification, the burden shifts back to the plaintiff, who can attempt to show that the defendant's proffered reason is simply a pretext for discrimination. <u>Manning [v. Chevron Chem. Co., LLC</u>, 332 F.3d 874, 881 (5th Cir. 2003]). To carry this burden in a discrimination case, the plaintiff must put forward evidence rebutting each of the nondiscriminatory reasons the employer articulates. <u>Wallace v. Methodist Hosp. System</u>, 271 F.3d 212, 220

> (5th Cir. 2001).  A plaintiff may establish pretext by
> showing that a discriminatory motive more likely
> motivated her employer's decision, such as through
> evidence of disparate treatment, or that her employer's
> explanation is unworthy of credence.  Id. (inset
> quotations omitted).

Id. at 363.

Disability Discrimination:

The ADA prohibits discrimination "against a qualified

individual with a disability because of the disability of such

individual in regard to job application procedures, the hiring,

advancement, or discharge of employees, employee compensation, job

training, and other terms, conditions, and privileges of

employment."  42 U.S.C. § 12112(a).  Here, defendants maintain

that plaintiff cannot establish a prima facie case of disability

discrimination because she has not identified, much less proven a

disability.  To establish a prima facie case of discrimination

under the ADA, a plaintiff must show:

> (a) she is disabled, has a record of having a
> disability, or is regarded as disabled, (b)
> she is qualified for her job, (c) she was
> subjected to an adverse employment action on
> account of her disability or the perception of
> her disability, and (d) she was replaced by or treated less fav
> employees.

E.E.O.C. v. Chevron Phillips Chem. Co., 570 F.3d 606, 615 (5th

Cir. 2009).  "The threshold issue in a plaintiff's prima facie

case is a showing that she suffers from a disability[.]"  Talk v.

Delta Airlines, Inc., 165 F.3d 1021, 1024 (5th Cir. 1999) (per

curiam).  "To come within the coverage of the ADA, a person must

have a 'physical or mental impairment that substantially limits

one or more major life activities.'"  Duncan v. Univ. of Texas
Health Science Ctr. at Hous., 469 Fed. Appx. 364, 368-69 (5th Cir.
2012) (quoting 42 U.S.C. § 12102(1)(A)).  "These are activities
such as 'hearing, speaking, breathing, learning and working.'"
Id. (quoting McInnis v. Alamo Cmty. Coll. Dist., 207 F.3d 276, 280
(5th Cir. 2000)). "An impairment is substantial if it
'substantially limits the ability of an individual to perform a
major life activity as compared to most people in the general
population.'"  Lanier v. Univ. of Texas Sw. Med. Ctr., 527 Fed.
Appx. 312, 318 (5th Cir. 2013) (quoting 29 C.F.R. §
1630.2(j)(1)(ii)).  As defendants correctly point out, plaintiff
has not described the nature of her alleged disability — other
than to mention that she sustained the alleged disability after
she was allegedly assaulted by a student — and she has not
indicated the manner in which any such condition substantially
limits any major life activity.  Her conclusory allegations are
manifestly insufficient to state a claim for disability
discrimination, see Dark v. Potter, 293 F. App'x 254, 259 (5th
Cir. 2008) (affirming dismissal for failure to state a claim under
Rehabilitation Act where plaintiff offered only conclusory
allegation of disability and did not state nature of her
disability or its imposed limitations on her life), and she has
presented no evidence that would establish a prima facie case and

14

withstand summary judgment.[5]  Accordingly, defendants' motion will
be granted as to this claim.

    Age Discrimination:

    Reading plaintiff's complaint (together with her response in
opposition to defendants' motion), her position appears to be that
she was subjected to a hostile work environment on account of her
age.[6]  Specifically, in her brief in opposition to defendants'
motion, plaintiff asserts that CPSD doubled her workload, failed
to provide her with a teacher's assistant, did not allow her to
use office tools, placed her on an improvement plan and disparaged
her to parents, all because of her age.  Defendants maintain that
plaintiff has failed to present evidence to establish her prima
facie case of age discrimination.  To establish a prima facie case
of age-based hostile work environment, a plaintiff must establish
that "(1) [s]he was over the age of 40; (2) [she] was subjected to
harassment, either through words or actions, based on age; (3) the

_____

    [5]    Any putative claim under the Rehabilitation Act of 1972
likewise fails for this reason. See Cohen v. Univ. of Texas Health
Sci. Ctr., 557 Fed. Appx. 273, 276–79 (5th Cir. Feb. 11, 2014)
(Rehabilitation Act claims are analyzed under same standards
applicable to ADA claims).

    [6]    To the extent that plaintiff also alleges that she was
discharged on account of her age, there is no evidence in the
record to support the fourth element of her prima facie case.  See
Keller v. Coastal Bend Coll., No. 15-40710, 2015 WL 6445751, at *3
(5th Cir. Oct. 26, 2015)(setting forth, inter alia, elements of
prima facie case of discriminatory discharge under the ADEA,
including that plaintiff must establish that she "(4) was either
i) replaced by someone outside the protected class, ii) replaced
by someone younger, or iii) otherwise discharged because of [her]
age.").

nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer." Dediol v. Best Chevrolet, Inc., 655 F.3d 435, 441 (5th Cir. 2011) (internal citations and quotations omitted). While plaintiff was over the age of 40 during her tenure of employment with CPSD, she has failed to come forward with any admissible proof that any of the above alleged acts of harassment were on account of her age, nor has she purported to show the alleged harassment created an objectively intimidating, hostile or offensive work environment. Accordingly, the court finds that defendants are also entitled to summary judgment as to this claim.

Gender Discrimination:

To assert a claim of gender discrimination under Title VII, a plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for the position sought; (3) she was subject to an adverse employment action; and (4) she was replaced by someone outside her protected class or was treated less favorably than other similarly situated employees outside her class. Fahim v. Marriott Hotel Servs., 551 F.3d 344, 350 (5th Cir. 2008) (citations omitted). While there is record evidence to support the first three elements, plaintiff has failed to present proof to support a finding in her favor on the fourth element. In her apparent attempt to satisfy this element, plaintiff merely only points out that defendant Connor, who presided over her due

process hearing and recommended to the Board that the nonrenewal decision be upheld, and defendant Christopher, the Board's attorney, are both males.[7]  However, neither of these defendants was the final decisionmaker with regard to the nonrenewal decision, and even if they were, it is readily apparent that the mere fact that both defendants are male in no way satisfies her burden with regard to the fourth element.  She has not purported to show that CPSD replaced her with a male teacher, nor has she pointed to a male comparator who received more favorable treatment under similar circumstances.  Accordingly, defendants are entitled to summary judgment on this claim.

Retaliation:

Lastly, defendants assert that they are entitled to summary judgment as to plaintiff's claim of retaliation.  To establish a prima facie case of retaliation, plaintiff must demonstrate three elements: (1) she engaged in an activity that is protected by Title VII; (2) the employer took an adverse employment action against the employee; and (3) there is a causal connection between the protected activity and the adverse employment action.  Brazoria County, Tex. v. EEOC, 391 F.3d 685, 692 (5th Cir. 2004).  Under Title VII, an employee has engaged in protected activity if she has "opposed any practice made an unlawful employment practice under [42 U.S.C. § 2000e-3(a)]."  42 U.S.C. § 2000e-3(a).

---

[7]       In fact, she points out that both are white males.  The court notes, however, plaintiff did not charge race discrimination in either her EEOC charge or her amended complaint.

Additionally, section 2000e-3(a) prohibits retaliation for the making of a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under the statute.

Here, plaintiff maintains that defendant Rankin retaliated against her because she complained about bullying by students at Canton Elementary and because she had filed a sexual harassment lawsuit against an individual she claims (without proof) is a "blood relative" of Rankin.  She additionally maintains that as a result of engaging in these activities, defendants placed her on a performance improvement plan.  These allegations, even if supported by evidence (which they are not) are insufficient to establish the first element of her prima facie case.  Complaining about bullying by students is not an activity protected by Title VII.  Moreover, plaintiff has presented absolutely no proof tending to show that defendant Rankin had any knowledge of plaintiff's earlier sexual harassment lawsuit.  As plaintiff cannot establish a prima facie case, defendant's motion will be granted as to this claim.

Remaining Claims

Defendants have not sought summary judgment as to any of plaintiff's putative state law claims[8] or as to a number of

---

[8]     This may have been through oversight or inadvertence or may have been in recognition of the fact that the court may decline to exercise supplemental jurisdiction over state law claims where it has dismissed all federal claims.  See 28 U.S.C. § 1367(c)(3).

federal claims that appear in the complaint, including claims (1) for violation of OSHA; (2) that defendant Partee attempted to intimidate plaintiff to thwart her testimony before the Board; and (3) a litany of due process claims based on defendants' alleged conduct before, during and after her due process hearing.

The court finds, <u>sua</u> <u>sponte</u>, that plaintiff's putative OSHA claim fails as a matter of law. <u>See</u> <u>Jeter v. St. Regis Paper Co.</u>, 507 F.2d 973, 976-77 (5th Cir. 1975)(holding that OSHA does not give rise to a private cause of action). Further, as Partee's alleged actions on July 16, 2013, admittedly did not stop plaintiff from appearing before the Board, her putative due process claim against him also fails as a matter of law. <u>See</u> <u>Raab v. Blakely</u>, 370 F. App'x 303, 310 (3d Cir. 2010)(observing, in context of administrative proceeding before the Federal Aviation Administration, that "[i]n order to violate the [due process clause of the] Constitution, the government's conduct, [i.e., intimidation or threats from the government aimed at dissuading potential witness from testifying] must have substantially interfered with a witness's choice to testify.")(internal citation and quotations omitted).

As to her due process claims, the court observes that defendants facing due process claims such as those alleged by plaintiff often seek summary judgment on the basis of <u>res judicata</u>. <u>See</u>, <u>e.g.</u>, <u>Miller v. Pascagoula Mun. Separate Sch. Sys.</u>, 263 F.3d 162 (5th Cir. 2001)(affirming district court's

decision that plaintiff's Title VII race and sex claims were barred by <u>res judicata</u> and rejecting plaintiff's argument that termination hearing conducted by school board did not qualify as decision by state administrative agency for <u>res judicata</u> purposes); <u>Ellis v. Tupelo Pub. Sch. Dist.</u>, No. 1:12CV234-SA-DAS, 2014 WL 1285947 (N.D. Miss. Mar. 31, 2014) (finding that <u>res judicata</u> barred plaintiff's due process claim arising out of alleged irregularities attending his termination hearing). Defendants herein have not done so, and it is unclear whether <u>res judicata</u> would apply given plaintiff's allegation that defendants thwarted her right to appeal by failing to give her the required notice of CPSD's final decision on her nonrenewal.  In an effort to determine if summary judgment was in order on these claims notwithstanding defendants' failure to so move, the court conducted a thorough review of the documents filed of record and found neither proof of the Board's June 27, 2013 decision to uphold the nonrenewal decision nor proof as to when and whether the Board provided plaintiff with notice of its decision. However, as defendants have intimated that such documentation exists, the court, in an effort to conserve judicial resources as well as to reduce the costs to the parties which would attend a trial, will grant defendants leave to file a second motion for summary judgment out of time.  If defendants choose to avail themselves of this opportunity, their motion shall be filed on or before April 4, 2016.

Non-Dispositive Motions

Plaintiff has moved the court to recuse (Docket No. 38) and for leave to amend her pleadings (Docket No. 39).  These motions will be denied.  Plaintiff has not set forth a valid basis for recusal, and she has provided no indication as to how she intends to remedy any perceived defects in her pleadings.

In regard to plaintiff's motion to restrict public access to minor's identity (Docket No. 40), the court notes that plaintiff has inundated the court's docket with documents which reveal personal, sensitive information regarding her former pupils.  The court, therefore, concludes that it is appropriate to grant plaintiff's motion and restrict public access with regard to Docket Nos. 26, 35 and 49.

Conclusion:

Based on the foregoing, it is ordered that plaintiff's dispositive motions (Docket Nos. 26, 27, 35, 36 and 37) are denied and that defendants' motion for summary judgment as to plaintiff's federal statutory employment claims (Docket No. 51) is granted. It is ordered that on or before April 4, 2016, defendants shall file their supplemental motion for summary judgment or advise the court of their intention not to file such motion, at which time the court will set this matter for trial.

It is further ordered that plaintiff's motions to recuse (Docket No. 38) and for leave to amend her pleadings (Docket No. 39) are denied.  Plaintiff's motion to restrict public access to

minor's identity (Docket No. 40) is granted, and it is thus ordered that public access shall be restricted to Docket Nos. 26, 35 and 49.  It is further ordered that plaintiff shall not file any further unredacted documentation revealing personal information, including the names, of her former pupils.

SO ORDERED this 21st day of March, 2016.


/s/ Tom S. Lee_____
UNITED STATES DISTRICT JUDGE